# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE LAVELL KIRKSEY,<br><br>Plaintiff,<br><br>v.<br><br>KENOSHA COUNTY DETENTION CENTER, DAVID BETH, BILL BETH, THORNE #1451, BASINA #1405, OENNING #1490, and JOHN DOES,<br><br>Defendants. | Case No. 19-CV-1310-JPS<br><br>**ORDER** |

Plaintiff Terrance Lavell Kirksey, who was detained at the Kenosha County Jail during the relevant times in his complaint, proceeds in this matter *pro se*. He alleges that the defendants in this matter violated his constitutional rights by ignoring his serious medical need in violation of the Fourteenth Amendment. The Court waived payment of Plaintiff's initial partial filing fee. (Docket #8).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

When considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal

conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

At the time of the complaint, Plaintiff was a pre-trial detainee. Pre-trial detainees alleging inadequate medical care are assessed under the Fourteenth Amendment, which asks whether the denial of medical care was objectively unreasonable under the circumstances. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). A pretrial detainee must allege facts supporting that: (1) there was an objectively serious medical need; (2) the defendant made a volitional act with regard to the plaintiff's medical need; (3) that act was objectively unreasonable under the circumstances in terms of treating or assessing the patient's serious medical need; and (4) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to the risk of harm. *Miranda*, 900 F.3d at 353–54.

Plaintiff alleges that on January 10, 2019, Officer Thorne, badge number 1451 ("Thorne"), denied Plaintiff access to mental health treatment at the Kenosha County Detention Center despite the fact that Plaintiff informed Thorne that he suffered from an objectively serious mental health

condition. Specifically, Plaintiff told Thorne that he was feeling suicidal and was going to hurt himself. In response, Thorne walked away and turned off Plaintiff's water for no reason. Shortly after Thorne walked away, Plaintiff heard him laughing with other people. This aggravated Plaintiff's mental health condition. He alleges that instead of turning off his water and proceeding to ignore him, Thorne should have notified a superior that Plaintiff was suffering from mental health issues. These allegations sufficiently allege a violation of Plaintiff's rights under the Fourteenth Amendment.[1]

However, the Court will dismiss Kenosha County Detention Center as a defendant because only officials who are directly responsible for a constitutional violation may be sued under Section 1983. *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010). For the same reasons, the Court will dismiss "Basina #1405," "Oenning #1490," Bill Beth, David Beth, and the John Doe defendants. The complaint is completely devoid of allegations regarding any people other than Thorne. The closest the complaint comes to referencing other actors is the fact that Thorne laughed with other people after walking away from Plaintiff's cell and turning off the water. But the Court cannot permit a lawsuit to continue against individuals in the absence of allegations implicating them in unlawful conduct. A Section 1983 lawsuit may not proceed against individuals who are not alleged to be personally responsible for the constitutional violation. *Id.*

---

[1] In light of materials filed in another of Plaintiff's cases, the Court notes that there may be an exhaustion issue. *See Kirksey v. Kenosha County Detention Center et al.*, Case No. 19-CV-602. Defendant will be free to raise the issue, if appropriate, after he is served.

Plaintiff also filed a motion for a preliminary injunction or restraining order, in which he requests transfer to another facility. (Docket #6). He reiterates that he is being denied medical and mental health treatment, and explains that his mental health has suffered tremendously. He also alleges that his legal mail is being read. *Id.* The Court must deny the motion. Plaintiff has not met the threshold requirement of a preliminary injunction or restraining order, which requires a showing of the following: "1) a likelihood of success on the merits, 2) irreparable harm if the preliminary injunction is denied, and 3) the inadequacy of any remedy at law." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). In any case, it appears that Plaintiff is now at Dodge Correctional Institution, so this motion is moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction and temporary restraining order (Docket #6) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendants Kenosha County Detention Center, David Beth, Bill Beth, "Basina #1405," "Oenning #1490," and the John Doe defendants be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages

is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The Court further advises Plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge