# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE LAVELL KIRKSEY,

                      Plaintiff,

v.

OFFICER THORNE,

                      Defendant.

Case No. 19-CV-1310-JPS

**ORDER**

       Plaintiff Terrance Lavell Kirksey, a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendant violated his constitutional rights. (Docket #1). On February 25, 2020, the Court screened the complaint and allowed Plaintiff to proceed on a claim that Defendant ignored his serious medical need in violation of the Fourteenth Amendment. (Docket #9).

       On April 22, 2020, Plaintiff filed an unsigned motion for summary judgment. (Docket #14). On April 30, 2020, Defendant filed a motion to strike Plaintiff's brief in support of his motion for his failure to sign it. (Docket #16). On May 7, 2020, Defendant filed a motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies. (Docket #20). On May 21, 2020, Defendant filed a motion for summary judgment on the merits. (Docket #26). These motions have been fully briefed, and, for the reasons explained below, only Defendant's motion for summary judgment for failure to exhaust, (Docket #20), will be granted. The Court will also address Plaintiff's pending motion to appoint counsel, (Docket #54).

1. **LEGAL STANDARDS**

    1.1 **Summary Judgment**

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

   1.2 **Exhaustion of Prisoner Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies

is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Grievance System

The Kenosha County Sheriff's Department maintains an inmate grievance system ("IGS"). Inmates who are housed in the Kenosha County Jail and Kenosha County Detention Center may view the grievance system policies and procedures within the Inmate Handbook, which is available in electronic and paper form. (Docket #22 at 1–2). There are three forms available to inmates at Kenosha County Detention Center ("KCDC") by which they may request, authorize, or communicate information to staff members. (*Id.* at 9). Specifically, inmates can use (1) a request for medical attention form; (2) an inmate request form; and (3) an inmate grievance/appeal form. (*Id.* at 9–10). The inmate request form allows inmates to submit a concern or convey information to a staff member. (*Id.* at 10). The inmate grievance/appeal form is used for submitting legitimate complaints and to appeal disciplinary findings to a supervisor. (*Id.*)

When filing an inmate complaint, the IGS requires inmates to write legibly on approved forms, include identification information, and file forms within seven days of the occurrence or sanction notification giving rise to a grievance or complaint. (*Id.*) Complaints properly submitted are reviewed by a Shift Supervisor, and a response/resolution is provided within seven days. (*Id.*) Inmates have the right to appeal the grievance decision in writing to the Facility Administrator within 72 hours of receipt. (*Id.*) To submit an appeal, the inmate must use another Grievance Form, check the "Appeal" box, and provide the basis for his disagreement with the decision. (*Id.*) The inmate must submit the form to security staff, in a specified drop box, or via "Supervision" to ensure complete access to

appeals and administrative remedies. (*Id.*) If the inmate appeals, the "Facility Administrator or his/her designee will make every effort to complete the Grievance Appeal within 14-calendar days of receiving the appeal." (Docket #22-3 at 3).

## 2. RELEVANT FACTS

Plaintiff was booked into the Kenosha County Jail on December 28, 2018. (Docket #22 at 1). During intake, Plaintiff was advised of and signed an acknowledgement that facility rules were posted in various locations throughout the facilities. (*Id.*) Additionally, an inmate handbook was available on an issued electronic device (tablet) and on the facility kiosk system, and a printed copy was available upon request. (*Id.* at 1–2). A detailed explanation of the inmate grievance and appeal process was played daily throughout the facilities utilizing a closed-circuit television system. (*Id.*) The Inmate Handbook contained the inmate grievance policies and procedures. (*Id.* at 2).

On January 3, 2019, Plaintiff was moved to KCDC; he was an inmate there during the relevant incident. (*Id.* at 1–2). Upon his arrival at KCDC, Plaintiff signed a form acknowledging that he had been oriented and was required to become familiar with, and follow, the rules and regulations. In the form, Plaintiff also acknowledged he was aware that there was an Inmate Handbook, what it generally contained, and how he could access it. (Docket #22-2).

Plaintiff alleges that on January 10, 2019, Defendant Officer Thorne denied him mental health treatment after Plaintiff reported that he was feeling "mentally distorted" and suicidal and was going to hurt himself. (Docket #21 at 2). Plaintiff submitted a grievance form, dated January 10, 2019, related to his claim that Officer Thorne denied him access to mental

Page 4 of 10
Case 2:19-cv-01310-JPS   Filed 03/26/21   Page 4 of 10   Document 56

health treatment. (Docket #40-1 at 14–15). The form was received by an officer that same day and was assigned to an officer on January 11, 2019. (*Id.* at 2). On January 16, 2019, Officer Basina denied Plaintiff's grievance because Plaintiff had been seen by mental health services on January 9, 2019 and January 10, 2019. (*Id.*) The response further stated that Officer Thorne took the appropriate actions and made the necessary notifications. (*Id.*) Plaintiff did not file an appeal of his grievance denial. (Docket #22 at 2–3). Plaintiff also did not file any other grievances related to his allegations that Officer Thorne denied him access to mental health care on or about January 10, 2019. (*Id.*)

### 3. ANALYSIS

Defendant alleges that Plaintiff has not exhausted his administrative remedies on the claim against him, and, therefore, the case must be dismissed. (Docket #21 at 3–4). Plaintiff argues that he did exhaust the administrative remedies because he filed an appeal of the grievance decision. (Docket #39 at 8–9). To support his statement, Plaintiff provides an inmate grievance form, dated January 19, 2019. (Docket #40-1 at 18-19).

Defendant disputes the validity of the January 19, 2019 "appeal" form that Plaintiff submits. Specifically, Sergeant Doug Simpson ("Simpson"), employed by KCDC, reviewed the "inmate appeal" Plaintiff claims he submitted on January 19, 2019. (Docket #47). Simpson states that KCDC has procedures in place regarding accepting, responding to, and maintaining documents related to grievances and appeals submitted by inmates during their incarceration. (*Id.* at 1). Specifically, if an "inmate submits a grievance or appeal, the correctional officer accepting that grievance would document his or her name and the time the grievance or appeal was received." (*Id.*) Additionally, the officer assigned to respond to

Page 5 of 10
Case 2:19-cv-01310-JPS   Filed 03/26/21   Page 5 of 10   Document 56

the grievance or appeal would also be documented on the grievance form. (*Id.* at 2). As noted above, neither officer section is signed or dated. (Docket #40-1 at 19). Further, "Kenosha County maintains copies of all grievances and appeals submitted by inmates in their inmate file." (Docket #47 at 2). The grievance appeal Plaintiff claims he submitted to KCDC on January 19, 2019 is not a part of Plaintiff's jail file maintained by Kenosha County. (*Id.*) Moreover, there are no documents or information in Plaintiff's paper file or Kenosha County's electronic jail management system showing that Plaintiff ever submitted an appeal on or about January 19, 2019 relating to Officer Thorne. (*Id.*)

Plaintiff's argument that he exhausted his administrative remedies is unavailing for several reasons. First, the grievance form Plaintiff submitted as proof that he filed an appeal contains several fatal deficiencies that undermine the document's legitimacy. Specifically, the grievance form reflects the "Grievance" box as having been checked—not the "Appeal" box. (Docket #40-1 at 18). This shortcoming constitutes a violation of the KCDC's policies and procedures regarding grievance appeals. To be sure, Plaintiff is required to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Administrative exhaustion requires strict compliance. *Id.* It is clear that even if the appeal is legitimate, Plaintiff did not follow KCDC's specific procedures regarding the form.

Additionally, the form does not include required signatures or dates to establish when it was received by an officer or assigned to an officer for a decision. (Docket #40-1 at 19). KCDC has specific procedures regarding receiving and assigning grievance and appeal forms, which includes the signature and date from two different officers. The form Plaintiff submitted

Page 6 of 10
Case 2:19-cv-01310-JPS   Filed 03/26/21   Page 6 of 10   Document 56

lacks any evidence—namely the signatures and dates—that it was submitted to KCDC officers and put through their procedure. Further, Kenosha County has no record, in Plaintiff's paper inmate file or their electronic records, that Plaintiff ever submitted the January 19, 2019 appeal form.

Even assuming that Plaintiff submitted the January 19, 2019 appeal, if he did not receive a response as he claims, he was thereby put on notice that something was wrong and he should have inquired into the status of his appeal. The Seventh Circuit addressed similar facts in *Lockett v. Bonson*, 937 F.3d 1016 (7th Cir. 2019). In *Lockett*, the inmate complaint examiner ("ICE") claimed that the facility had no record of Lockett filing an appeal of the dismissal of his inmate complaint. In contrast, Lockett claimed that he had filed an appeal but did not receive a receipt acknowledging his appeal. *Id.* at 1025–26. The Seventh Circuit explained that Wisconsin has a system that requires a prisoner receive a receipt after filing a complaint, and that the "receipt plays a very significant role in the complaint process" and the plaintiff's "ability to preserve his right to initiate litigation in the district court." *Id.* at 1026. Reading the regulations in their totality, the Seventh Circuit concluded that Lockett "was obliged to regard the absence of receipt as a red flag [and that] he should have undertaken, through the complaint procedure, an inquiry to ascertain why he had not received this important document." *Id.* at 1027. The Seventh Circuit held that, "[h]aving failed to make that inquiry, he may not now counter evidence that the prison did not receive his administrative appeal with a bald assertion of a timely filing." *Id.*

The Seventh Circuit explained that requiring a prisoner "to employ the complaint system to ascertain the fate of his appeal and the receipt of

filing is compatible with the primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury." *Id.* The court emphasized that the burden of proof on the exhaustion issue is on the defendants. *Id.* But, once the defendants offered evidence that there was no record of an appeal having been filed, the burden shifted to Lockett "to demonstrate that there was a genuine issue of triable fact with respect to that defense." *Id.*

The Seventh Circuit noted that, while Lockett's affidavit was relevant and probative to the issue of whether he had filed his appeal or received a receipt, it was "insufficient to establish that he ever exhausted the opportunity to resolve the matter within the prison system by making a reasonable inquiry into the reason for the absence of a receipt." *Id.* at 1027–28. As the court observed, "In Wisconsin, the regulations clearly gave him the opportunity to do so, but there is no evidence that he availed himself of this tool." *Id.* at 1028.

In this case, if Plaintiff had submitted the January 19, 2019 appeal form, he should have expected a response within 14 days. When Plaintiff received nothing, that served as a "red flag" that something was wrong. *See Lockett*, 937 F.3d at 1027; *Pickens v. Schmidt*, No. 19-CV-741, 2020 WL 4530717, at *2 (E.D. Wis. Aug. 6, 2020). Plaintiff should have utilized the inmate request form, which allows inmates to submit a concern or convey information to a staff member, or he should have submitted another grievance form regarding his appeal. Plaintiff has not presented any evidence that he used any procedures to inquire as to why he had not received a response to his appeal. Thus, under *Lockett*, Plaintiff cannot create a disputed fact when he has provided no evidence that he made a

Page 8 of 10
Case 2:19-cv-01310-JPS   Filed 03/26/21   Page 8 of 10   Document 56

reasonable inquiry into the reason he had not received an answer to his appeal.

In sum, Plaintiff submitted a grievance form in accordance with the IGS regarding the alleged January 10, 2019 incident of being denied mental health care by Officer Thorne. That grievance was dismissed by Officer Basina. In order to exhaust his administrative remedies under the IGS, Plaintiff had to appeal the grievance decision. Plaintiff never filed an appeal. Thus, Plaintiff has failed to exhaust his administrative remedies. Therefore, the Court will grant Defendant's motion for summary judgment on exhaustion grounds and dismiss this case without prejudice.[1]

## 4. CONCLUSION

For the reasons explained above, Defendant's motion for summary judgment for Plaintiff's failure to exhaust, (Docket #20), will be granted. Given that the Court is obliged to dismiss this case without prejudice, Plaintiff's pending motion for summary judgment, (Docket #14), and motion to appoint counsel, (Docket #54), will be denied as moot. Additionally, Defendant's motion to strike, (Docket #16), and motion for summary judgment on the merits, (Docket #26), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment for failure to exhaust (Docket #20) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Docket #14) and motion to appoint counsel (Docket #54) be and the same are hereby **DENIED as moot**;

---

[1] Although it seems clear that Plaintiff will not be able to complete the IGS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that Defendant's motion to strike (Docket #16) and motion for summary judgment on the merits (Docket #26) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge